IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,161




EX PARTE RONALD E. HODGE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W01-55060-W IN THE 363rd DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to two years’ imprisonment in state jail. He did not appeal his conviction. 
            Applicant contends that his plea of true at the hearing on the State’s motion to adjudicate
guilt was involuntary because it was based on the erroneous promise that he would receive two
years’ imprisonment in the Texas Department of Criminal Justice–Correctional Institutions Division.

            The trial court determined, based upon the record, that all parties, including the trial court,
were under the mistaken impression that this case was a third degree felony and the Applicant was
initially sentenced to two years imprisonment in the Correctional Institutions Division. However,
subsequent to pronouncement of the sentence, and outside the presence of the Applicant, the trial
court improperly modified the Applicant’s sentence to two years’ imprisonment in state jail in
violation of the provisions of Article 42.03, § 1(a) of the Texas Code of Criminal Procedure. The
trial court’s recommendation to grant relief is supported by the record. 
            Relief is granted. The judgment adjudicating guilt in Cause No. W01-55060-W in the 363rd
Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the
sheriff of DALLAS County to answer the allegations set out in the motion to adjudicate guilt.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: June 3, 2009
Do Not Publish